UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT GESSLING, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GROUP LONG TERM DISABILITY PLAN )<br>FOR EMPLOYEES OF SPRINT/UNITED )<br>MANAGEMENT COMPANY, )<br>)<br>Defendant. ) | CASE NO. 1:07-cv-483-DFH-WGH |

ENTRY ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

Plaintiff Robert Gessling has sued defendant Group Long Term Disability Plan for Employees of Sprint/United Management Company alleging that the plan administrator, Hartford Life Insurance Company, abused its discretion in terminating his long-term disability benefits, violating the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.* Hartford Life initially granted Gessling benefits but later terminated the benefits after conducting surveillance of Gessling and reviewing its medical consultants' opinions that Gessling was not disabled. Both sides have moved for summary judgment.

After considering the effect of the shift in the abuse of discretion standard under *Metropolitan Life Insurance Co. v. Glenn*, 554 U.S. —, 128 S. Ct. 2343

(2008), decided after the parties had filed their briefs, the court denies both motions for summary judgment. Hartford Life faced the same type of conflict of interest that Metropolitan Life faced in *Glenn*: the plan administrator had discretion to interpret and administer the plan, including discretion to pay or deny benefits where denying benefits had the direct effect of leaving money in the administrator's own pocket.

After a careful review of the record and the parties' arguments, the court concludes that the best course in this close case is to give the parties an opportunity to submit additional evidence, either in the form of renewed motions for summary judgment or in a bench trial, relating to the nature and extent of Hartford Life's conflict of interest, including any history of biased claims administration and any active steps taken "to reduce potential bias and to promote accuracy." 128 S. Ct. at 2351; accord, *Hogan-Cross v. Metropolitan Life Insurance Co.*, — F. Supp. 2d —, 2008 WL 2938056, at *4 (S.D.N.Y. July 31, 2008) (denying defendant's motion to reconsider grant of plaintiff's motion to compel discovery, and observing: "the Court made clear that not all conflicts are created equal. Their significance in any given case depends upon all of the circumstances, including those suggesting a higher or lower likelihood that the conflict affected the decision.").

-3-

Accordingly, both parties' motions for summary judgment are hereby denied. The court will confer with counsel in the near future to set a schedule for bringing this action to final resolution.

So ordered.

Date: September 24, 2008

_____
DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Copies to:

Elizabeth G. Doolin
CHITTENDEN MURDAY & NOVOTNY LLC
edoolin@cmn-law.com,rrogers@cmn-law.com

Donald A. Murday
CHITTENDEN MURDAY & NOVOTNY LLC
dmurday@cmn-law.com,ksyverson@cmn-law.com

Bridget L. O'Ryan
O'RYAN LAW FIRM
boryan@oryanlawfirm.com

Stuart F. Primack
CHITTENDEN MURDAY & NOVOTNY LLC
sprimack@cmn-law.com,mmurray@cmn-law.com