UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ROBERT GESSLING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:07-cv-0483-DFH-DML |
| | ) | |
| GROUP LONG TERM DISABILITY PLAN | ) | |
| FOR EMPLOYEES OF SPRINT/UNITED | ) | |
| MANAGEMENT COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

ENTRY ON DEFENDANT'S MOTION FOR PROTECTIVE ORDER

Defendant Group Long Term Disability Plan for Employees of Sprint/United Management Company (the "Plan") moved for a protective order regarding discovery requests and third party subpoenas served by plaintiff Robert Gessling. Gessling seeks discovery outside the administrative record in light of the Supreme Court's recent decision in *Metropolitan Life Ins. Co. v. Glenn*, 128 S. Ct. 2343 (2008). Both parties appeared at oral argument on November 25, 2008 to discuss the impact of *Glenn* on the previously well-settled law of the Seventh Circuit on extra-record discovery. This court finds that limited additional discovery is appropriate and creates the following plan for arriving at what discovery is appropriate.

*Glenn* is not a case about discovery, but the Supreme Court's discussion of what evidence is relevant to a judge's decision necessarily requires that parties are allowed to conduct discovery outside of the administrative record. *Glenn* addresses how a court should weigh, under the abuse of discretion standard of review, the fact that a plan both administers and pays out benefits under ERISA, creating what is often called a structural conflict of interest. The Supreme Court wrote that the conflict "should prove more important (perhaps of great importance) where circumstances suggest a higher likelihood that it affected the benefits decision, including, but not limited to, cases where an insurance company administrator has a history of biased claims administration," but that the conflict also "should prove less important (perhaps to the vanishing point) where the administrator has taken active steps to reduce potential bias and to promote accuracy, for example, by walling off claims administrators from those interested in firm finances, or by imposing management checks that penalize inaccurate decision-making irrespective of whom the inaccuracy benefits." *Id.* at 2351.

This passage of *Glenn* makes very clear that evidence of these considerations will be relevant, and such evidence is unlikely to appear in sufficient detail in the administrative record, at least in pending cases.[1] If this information is relevant, it needs to be discoverable. This is particularly true since

---

[1] The court expects that savvy plan administrators may already be taking the cue from the Supreme Court in *Glenn* and learning to incorporate in administrative records some evidence of their "active steps to reduce potential bias and to promote accuracy." See 128 S. Ct. at 2351.

the Court cautioned against the creation of "special burden-of-proof rules, or other special procedural or evidentiary rules, focused narrowly upon the evaluator/payor conflict." *Id.* Based on these teachings in *Glenn*, the previous opinions of the Seventh Circuit that made discovery in such cases nearly impossible to obtain, see, *e.g.*, *Semien v. Life Ins. Co. of North America*, 436 F.3d 805, 815 (7th Cir. 2006) (allowing such discovery only in "exceptional" circumstances where claimant can already "identify a specific conflict of interest or instance of misconduct" and "make a *prima facie* showing that there is good cause to believe limited discovery will reveal a procedural defect"), appear to be superceded. Discovery outside the administrative record is permissible. See, *e.g.*, *Hogan-Cross v. Metropolitan Life Ins. Co.*, 568 F. Supp. 2d 410, 414-16 (S.D.N.Y. 2008) (relying on *Glenn* to allow discovery and deny reconsideration); *Winterbauer v. Life Ins. Co. of North America*, 2008 WL 4643942, at *4-6 (E.D. Mo. Oct. 20, 2008) (allowing discovery and collecting recent cases on both sides of issue); contra, *e.g.*, *Marszalek v. Marszalek & Marszalek Plan*, 2008 WL 4006765, at *2 (N.D. Ill. Aug. 26, 2008) (adhering to *Semien* and denying request for discovery on structural conflict).

Whether to allow any discovery is an issue distinct from the scope of permissible discovery. *E.g.*, *Hogan-Cross*, 568 F. Supp. 2d at 416 (cautioning against "blunderbuss attempts to cut off discovery" but finding that sufficiently focused discovery should be allowed). To answer this second question, the Plan has an additional 45 days, until January 9, 2009, to answer plaintiff's pending

discovery requests. In that 45 day period, the Plan should also come forward with any supplementary evidence it seeks to offer to show active steps taken to promote accuracy and reduce bias, pursuant to *Glenn*. Once this additional information is provided to plaintiff, both parties shall confer in an attempt to agree on relevant discovery in an effort to provide plaintiff with relevant information while keeping expenses manageable. In addition, the time to respond to the third-party subpoenas is also extended for 45 days. Accordingly, defendants' motion for a protective order is hereby denied to the extent that it seeks to block all discovery but granted to the extent that this additional time is allowed for responses.

So ordered.

Date: November 26, 2008

DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Copies to:

Bridget L. O'Ryan
O'RYAN LAW FIRM
boryan@oryanlawfirm.com

Donald A. Murday
CHITTENDEN MURDAY & NOVOTNY LLC
dmurday@cmn-law.com

Elizabeth G. Dollin
CHITTENDEN MURDAY & NOVOTNY LLC
edoolin@cmn-law.com

Stuart F. Primack
CHITTENDEN MURDAY & NOVOTNY LLC

-5-

sprimack@cmn-law.com