IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT GESSLING, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 1:07-cv-0483-DFH-DML |
| ) | |
| GROUP LONG TERM DISABILITY PLAN ) | |
| FOR EMPLOYEES OF SPRINT/UNITED ) | |
| MANAGEMENT COMPANY, ) | |
| ) | |
| **Defendant.** ) | |

**GROUP LONG TERM DISABILITY PLAN'S RESPONSE
TO PLAINTIFF'S MOTION TO COMPEL**

GROUP LONG TERM DISABILITY PLAN FOR EMPLOYEES OF SPRINT/UNITED MANAGEMENT COMPANY (the "Plan"), by and through its counsel of record, Donald A. Murday, Elizabeth G. Doolin and Stuart F. Primack of Chittenden, Murday & Novotny LLC, and for its Response to Plaintiff's Motion to Compel, states as follows:

**I.     INTRODUCTION**

Contrary to Plaintiff's belief, the only benefits currently at issue in this matter are the balance of the twenty-four months of "own occupation" benefits, or $48,655.46. Plaintiff's assertion that "Hartford stands to save more than $600,000 by terminating Mr. Gessling's claim" is inaccurate and misleading. Plaintiff has admitted this matter is still within the "own occupation" period of disability and Plaintiff's entitlement to benefits under the broader "any occupation" standard is not guaranteed. Should this Court ultimately determine claim administrator Hartford acted arbitrarily and capriciously and that Plaintiff is entitled to "own occupation" benefits for the remainder of the twenty-four month period, this matter would then be remanded to Hartford for Plaintiff to submit additional materials in support of his claim to

continued benefits under the "any occupation" standard of disability. Plaintiff rests his bias argument on a false premise that Hartford's claim decision was motivated by a desire for financial gain.

Now, in an effort to find other arguments that will support a claim that Hartford's structural conflict of interest affected the decision to terminate Plaintiff's disability benefits, Plaintiff moves to compel the production of "[t]he performance evaluations or performance reviews for each Hartford employee who was involved in this claim for the years 2003-2007." Plaintiff's request and Motion stems from the fact that Plaintiff, on the heels of the United States Supreme Court's decision in *Metropolitan Life Ins. Co. v. Glenn*, 128 S.Ct. 2343 (2008), served broad discovery requests upon the Plan and two equally broad subpoenas on the independent, third-party medical reviewers (Medical Advisory Group ("MAG") and University Disability Consortium ("UDC")) from which Hartford requested reviews of the medical aspects of Plaintiff's disability claim.[1] In response to Plaintiff's discovery requests, the Plan moved for a Protective Order to limit discovery in this matter to the administrative record. This Court, after reviewing the parties' briefs and hearing oral argument, allowed Plaintiff to seek "limited additional discovery" for the purpose of addressing the structural conflict of interest issue identified in *Glenn*, but recognized that such discovery could not be unfettered. The Court therefore allowed the Plan to assert objections to Plaintiff's discovery requests, as necessary, to address the substance of the requests. (Dkt. 46, 52).

Thereafter, the Plan responded to Plaintiff's discovery requests by providing written responses to certain requests, objecting to certain requests and by producing documents subject

---

[1] The discovery requests served upon the Plan consisted of sixteen interrogatories and twenty-two separate document requests. The two subpoenas contained thirty-two and forty-eight document requests, respectively. Both MAG and UDC responded separately to Plaintiff's subpoenas.

to an agreed Confidentiality Agreement and Protective Order.[2] In response to the specific request addressed in this Motion to Compel (Request to Produce No. 11), the Plan objected to producing the requested documents on the grounds that the Request was overly broad, and sought documents irrelevant to the conflict of interest issue and not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the discovery guidelines established in this matter or the substantial information and documents produced by the Plan, Plaintiff seeks to compel information which exceeds the scope of the *limited* discovery permitted in this matter and is, more importantly, irrelevant to the conflict of interest issue and the determination of whether Hartford's structural conflict of interest affected the reasonableness of the decision to terminate Plaintiff's disability benefits. For the reasons set forth herein, this Court must deny Plaintiff's Motion to Compel.

## II.     ARGUMENT AND AUTHORITIES

In support of the Motion to Compel the production of five years of performance evaluations for Hartford employees, Plaintiff sidesteps any argument regarding the relevance of the requested information to the conflict of interest issue identified in *Glenn* and pins all of his hope on the argument that this Court must compel the production of this information simply because other courts have purportedly done so. Plaintiff ignores the rulings of this Court and the discovery guidelines previously established in this matter, and fails to consider the specific facts and circumstances which preceded and dictated the production in these other, unrelated matters.

This Court, as set forth in its November 26, 2008 Order, allowed Plaintiff to seek "limited additional discovery" for the purpose of addressing the conflict of interest issue identified in

---

[2] As this Court may recall, Plaintiff initially contested the Plan's request for entry of a Confidentiality Agreement and Protective Order, but subsequently acquiesced and agreed that good cause existed to protect and limit disclosure of certain confidential and proprietary information produced in this matter.

*Glenn*, but also explicitly and expressly acknowledged that such discovery could not be unfettered in scope. During the oral argument on the Plan's Motion for Protective Order, during which Plaintiff suggested a conflict of interest existed between Hartford and the third-party medical reviewers – MAG and UDC – Judge Hamilton expressed his position regarding the scope of Plaintiff's discovery requests and stated that some requests were "broad" in nature and that certain requests sought information irrelevant to the conflict of interest issue. (Dkt. 52). Specifically, Judge Hamilton explained that information relating to an "individual reviewer's batting average, or a percentage of claims approved or denied … has minimal probative value in this case or in any case. Unless you know a lot more than we can reasonably expect to try to know, which is, in essence, review every one of those cases that was being counted in calculating the rate, that really doesn't tell you how truly independent or biased the review might have been." (TR. of Def.'s Mot. For Protective Order, 28). Judge Hamilton also criticized the overly broad nature of other requests and specifically identified Plaintiff's request for information regarding "all personnel records of the persons involved" as being among those that are too broad.

The Plan terminated Plaintiff's disability benefits in June 2006. Plaintiff, however, seeks to compel the Plan to produce the performance evaluations of Hartford's employees over a five year period, from 2003 through 2007. Plaintiff has not offered any rationale as to how or why any performance evaluations, let alone five year's worth, are relevant to the issue of whether Hartford's structural conflict of interest affected the reasonableness of the decision to terminate Plaintiff's disability benefits in June 2006. The reason is obvious: the requested information, even for a single year, is simply not relevant.

### A. Performance Evaluations of Non-Party Employees Are Not Relevant To The Issues Before This Court

Plaintiff's Motion lacks any real discussion regarding the relevance of "the performance evaluations or performance reviews for each Hartford employee who was involved in this claim for the years 2003-2007" to the reasonableness of Hartford's determination to terminate Plaintiff's disability benefits. Instead, Plaintiff simply attached portions of performance evaluations which were produced by Hartford in another, unrelated matter, and claims the information purportedly revealed in those evaluations (which may or may not exist in this matter) is somehow relevant to addressing the extent to which Hartford's conflict of interest led to the termination of Plaintiff's disability benefits in this matter. Specifically, Plaintiff claims the information in these evaluations "reveal a disturbing pattern of Hartford employees being *commended* for returning claimants to work … *applauded* for the high numbers of claimants … returned to work … [and] *commended* for [the] 'overall rate of cases in which [the employee] identified that Function was present …'" (Emphasis added). Plaintiff also claims this information is somehow relevant because it indicates that Hartford evaluates its claims employees, in part, on the number of claims that are "terminated."

Contrary to Plaintiff's contention, the information contained in the performance evaluations attached to Plaintiff's Motion does not establish the necessary relevance of that information to the issue of whether Hartford's decision to terminate Plaintiff's disability benefits *in this matter* was reasonable. Rather, for the same reasons this Court determined a "reviewer's batting average or the percentage of claims approved or denied" is irrelevant and provides "minimal probative value in this case or in any case," the limited information provided in the attached performance evaluations is neither relevant nor probative of the conflict of interest issue. As explained by Judge Hamilton, "[u]nless you know a lot more than we can reasonably

expect to try to know, which is, in essence, review every one of those cases that was being counted in calculating that rate, that really doesn't tell you how truly independent or biased the review might have been." This Court previously determined that information of a similar nature has no probative value in determining whether a conflict of interest affected a particular decision. Accordingly, Plaintiff's Motion to Compel must be denied.

Plaintiff also fails to establish or even claim the existence of any similarities (or anticipated similarities) between the attached performance evaluations and those sought in this matter. The absence of any such claim is telling of the motivation for Plaintiff's request. In fact, Plaintiff is well aware no such similarities exist because the Plan produced a blank copy of a performance evaluation for the Hartford claim employees involved in this matter to Plaintiff, which is vastly different from those attached to Plaintiff's Motion. [Contemporaneously with the filing of its Response, the Plan submits a copy of the form evaluation, bates labeled HA00959-HA00962, for the Court's *in camera* review] There is no evidence before this Court that the performance reviews attached to Plaintiff's Motion are from the same time period as the claim decision at issue in this matter, come from the same office, address decisions for long-term disability benefits, or involve the same management team. There can be no inference from the documents attached to Plaintiff's Motion that the requested performance evaluations will provide any information relevant to the issue of whether Hartford's structural conflict of interest affected the reasonableness of its decision to terminate Plaintiff's disability benefits in this matter.

In addition to producing a blank copy of a performance evaluation for the Hartford claim employees involved in this matter, the Plan also produced documents to Plaintiff regarding Hartford's bonus and incentive plans. Thus, to the extent Plaintiff claims to seek the performance evaluations in order to ascertain the "general financial considerations and

motivations of Hartford employees," such information has already been produced to Plaintiff. More importantly, this type of information is not found within the performance evaluations, belying Plaintiff's claim that the performance evaluations will support his suggestion that Hartford's claims decision in this case was biased.

Even if performance evaluations like those attached to Plaintiff's Motion were sufficient to infer support for Plaintiff's discovery request at issue, the information contained therein will not resolve the conflict of interest issue. While Plaintiff claims, based on his limited read of the attached performance evaluations, that Hartford's employees are evaluated on the number of claims that are "terminated," he mischaracterizes the information contained therein to make his arguments. For example, Plaintiff's contention that a "return to work" finding is the same as a "termination" is completely wrong. A "return to work" means a claimant is no longer suffering from disability, but has been able to resume her position in the workforce.[3] This is a *positive* result for a claimant and employer and, despite Plaintiff's suggestion, is actually in a claimant's best interest. When a claimant is "returned to work," she may again receive her salary and any other employee benefits. In contrast, when a claimant receives disability benefits, the amount of the monthly benefit payment is based on a percentage of that person's salary. (For example, under the Plan in this matter, a claimant receives a benefit of 50% of monthly income.) Clearly, a "return to work" finding is in a claimant's best interest, not only from a personal financial point of view, but also from the perspective of that claimant's all-around well-being. Far from showing bias against claimants, Hartford's commendation of employees who assist claimants to

---

[3] As set forth in the Policy at issue, Hartford offers Rehabilitation, which is "the process of working together [with a claimant] to plan, adapt, and put into use options and services to meet [the claimant's] return to work needs." Dkt. 28-4, HA 00024.

return to the workforce shows quite the opposite. This Court should reject Plaintiff's cynical suggestion otherwise.

Moreover, Plaintiff utterly fails to recognize the significant privacy concerns implicated by his demand for non-party employee performance evaluations. Notwithstanding the Agreed Protective Order (which Plaintiff has already advised he will seek to challenge in connection with its requirement that confidential documents be filed under seal), Plaintiff seeks documents of dubious relevance which contain highly personal and confidential information about the employees of a non-party. Plaintiff offers no reason why this Court should disregard the privacy rights of these individuals. Given the lack of any relevance to the issues before this Court, and the significant privacy concerns inherent in the discovery request at issue, Plaintiff's Motion to Compel is unjustified and must be denied.

Plaintiff fails to show that the information he seeks in his Motion to Compel is in any way relevant to the limited issue for which this Court has allowed discovery. Performance evaluations will tell this Court nothing about whether Hartford's structural conflict of interest biased the claim decision in this matter. Absent a review of each and every claim reviewed by each employee, the evaluation of such employees will tell the Court nothing about bias in this case. Moreover, Hartford's discovery responses and documents produced contradict Plaintiff's assertions about Hartford's purported bias, and show that Plaintiff's overly broad and invasive request for further information is an attempt to create evidence where none exists, by seeking private and confidential information about individuals who are not parties to this litigation. Finally, even the documents on which Plaintiff relies to suggest that Hartford's performance evaluations of its employees provide evidence of bias belie his accusation. Contrary to Plaintiff's claims, the documents he attached to his Motion show Hartford commending its

employees for acting in *favor* of claimants, not against them.  For all of these reasons, Plaintiff's demand for the production of performance evaluations fails.

## B. The Case Law Upon Which Plaintiff Relies Is Not Applicable

Without any way around the relevance issue, Plaintiff claims Hartford must be compelled to produce the performance evaluations in this matter because courts in unrelated matters required the production of similar information.  Plaintiff's claim is without merit and is insufficient to overcome the relevance objection asserted by the Plan.  Each of these unrelated matters cited by Plaintiff – *Hughes v. CUNA Mutual Group, Jacoby v. Hartford Life and Accident Ins. Co.,* and *Testa v. Hartford Life Ins. Co.* – are distinguished with a specific review and inquiry into the facts, circumstances and rationale that preceded and dictated the production of the performance evaluations in those cases.  In *Hughes*, for example, the defendant CUNA took an all-or-nothing approach to discovery and objected to producing any documents other than the administrative record and the plan documents.  In ruling on the plaintiff's Motion to Compel, this Court overruled CUNA's objections *en masse*, which included an objection to a request for the performance evaluations of its employees, but specifically sustained CUNA's objection to the request seeking the personnel files for the employees involved in the claim, stating this "information is highly personal and not likely to provide much, if any, admissible information."  *Hughes,* Case No. 08-cv-00101-SEB-JMS, 2009 WL 1284962 * 1, *5 (S.D. Ind. May 7, 2009).

Similarly, the court in *Jacoby*, for all practical purposes, overruled Hartford's objections to the plaintiff's discovery requests and required it produce responsive documents and information, without the benefit of a protective order, within five business days or it would face sanctions or contempt.  *Jacoby*, Case No. 07-cv-04627-LAK (S.D.NY), Dkt. Entry January 23,

2009. Clearly, Hartford's production of the performance evaluations in *Jacoby* was not voluntary, as suggested by Plaintiff. Further, in *Testa*, the court required the production of the performance evaluations, but not until after it reviewed them, *in camera*, and was "unable to ascertain whether there is any indication of an apparent conflict." *Testa v. Hartford Life Ins. Co.*, Case No. 08-cv-816-FB-RER, Dkt. Entry March 16, 2009.

In addition, the plaintiff in each of these other matters sought the employee performance evaluations directly from the employer, who was a party defendant. In this matter, Plaintiff seeks to compel the Plan to produce the performance evaluations of Hartford's employees. Neither Hartford, nor any of its employees, is a party in this matter. Plaintiff's request is an intrusion into the privacy interests of these non-party employees. As stated by Magistrate Judge Magnus-Stinson in *Hughes*, this information is highly personal and is not likely to provide much, if any, admissible information. Because the intrusion into the privacy of a non-party's employee outweighs any likely benefit gained by the production of this information, this Court must deny Plaintiff's Motion to Compel.

Moreover, unlike any of the defendants in the aforementioned matters, the Plan complied with this Court's Order and discovery guidelines and provided information and documents to Plaintiff, which consisted of the administrative record, written responses to plaintiff's discovery requests, additional documents, and an affidavit, all of which provide ample evidence that Hartford's structural conflict of interest was not a factor in the outcome of the decision at issue. Plaintiff also received an affidavit from MAG, which was filed as part of its motion to quash the subpoena issued by Plaintiff, further showing a lack of bias in this matter. (Dkt. 64-5). The Plan has more than met its discovery obligations in this matter and this Court must reject Plaintiff's effort to seek discovery beyond what this Court has already allowed.

In fact, there are numerous other cases (which were not cited by Plaintiff) where courts rejected requests for production similar to Plaintiffs. *See Raney v. Life Ins. Co. of North Am.*, Case No. 08-169-JMH, 2009 WL 1044891 *1, *3 (E.D.Ky. April 20, 2009) (Court entered a protective order in LINA's favor on any discovery request pertaining to performance reviews, personnel files, and the backgrounds of reviewers as such requests were unlikely to lead to evidence of any claim of bias or conflict.); *Santos v. Quebecor World Long Term Disability Plan*, 254 F.R.D. 643, 650 (E.D. Cal Jan. 16, 2009) (Court denied the plaintiff's request for information regarding compensation, bonuses, raises, evaluations, promotions, promotional opportunities and any other incentive because such requests were not narrowly-tailored to the issue of conflict of interest); *McQueen v. Life Ins. Co. of North Am.*, 595 F.Supp.2d 752, 756 (E.D.Ky Jan. 27, 2009) (Court did not require the defendant to respond to requests involving performance reviews and personnel files for reviews who are its employees as those requests are unduly burdensome and their intrusiveness outweighs any likely benefit); *Pemberton v. Reliance Standard Life Ins. Co.*, Case No. 08-86-JBC, 2009 WL 89696 * 1, *3 (E.D.Ky. Jan. 13, 2009) (Court did not require the defendant to respond to requests involving performance reviews and personnel files for reviewers who are its employees as those requests are unduly burdensome and their intrusiveness outweighs any likely benefit); *Fischer v. Life Ins. Co. of North Am.*, Case No. 08-cv-0369-WTL-TAB, 2009 WL 734705 (S.D.Ind. March 19, 2009) (This Court ruled plaintiff's discovery requests overly broad, including requests for production related to LINA's personnel files, and those relating to its financial information, which in addition to being particularly sensitive, are less concerned to the conflicts analysis).

The Plan must not be compelled to produce the requested information simply because such information was produced in other matters. Rather, as set forth above, each of the instances

relied upon by Plaintiff must be viewed independently as they each involved a particular set of facts and circumstances not present here. Additionally, the Plan produced information and documents to Plaintiff which provide ample evidence that Hartford's structural conflict of interest did not impact the decision to terminate Plaintiff's disability benefits.

### III.  CONCLUSION

This Court must reject Plaintiff's efforts to compel the Plan to produce the performance evaluations of Hartford's employees. Plaintiff's demand for these evaluations seek information that is beyond the scope of limited discovery available in this matter and irrelevant to the issue of whether Hartford's structural conflict of interest affected its decision to terminate Plaintiff's disability benefits. For all of the reasons set forth herein, Plaintiff's Motion to Compel must be denied.

Respectfully submitted,

GROUP LONG TERM DISABILITY PLAN FOR
EMPLOYEES OF SPRINT/UNITED
MANAGEMENT COMPANY

By:    /s/ Stuart F. Primack
          One of its Attorneys

Donald A. Murday (#6190971)
Elizabeth G. Doolin (#6210358)
Stuart F. Primack (#6275721)
CHITTENDEN, MURDAY & NOVOTNY LLC
303 West Madison Street, Suite 1400
Chicago, Illinois 60606
(312) 281-3600
(312) 281-3678 (fax)

O:\HA815\40941-Gessling\PLDGS\Response to Motion to Compel.DOC

**CERTIFICATE OF SERVICE**

   I hereby certify that on **June 12, 2009,** I electronically filed the foregoing **Group Long Term Disability Plan's Response to Plaintiff's Motion to Compel** with the Clerk of the Court for the U.S. District Court for the Southern District of Indiana, Indianapolis Division, using the CM/ECF system. Notice of this filing will be sent to the following CM/ECF registered parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

   **Bridget L. O'Ryan**
   O'RYAN LAW FIRM
   boryan@oryanlawfirm.com

              /s/ Stuart F. Primack
              CHITTENDEN, MURDAY & NOVOTNY LLC
              303 West Madison Street, Suite 1400
              Chicago, Illinois 60606
              (312) 281-3600
              (312) 281-3678 (fax)
              sprimack@cmn-law.com